UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>MERIDIAN MANAGEMENT GROUP, INC., et al.,<br><br>            Defendants. | Case No.  15-cv-01039-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

This is an insurance coverage action arising out of an underlying lawsuit (the "*Geyer* Action") brought by tenants at 305 Hyde Street in San Francisco against Defendants Meridian Management Group, Inc. ("Meridian") and HAL 305 Hyde SF, LLC ("HAL 305"). Plaintiff United Specialty Insurance Co. ("USIC") seeks a declaration from the Court that: (1) it has no obligation to defend or indemnify Meridian and HAL 305 in connection with the *Geyer* Action; (2) another insurer, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is obligated to defend; and (3) either Meridian or National Union must reimburse USIC for all or part of the defense costs it has paid and continues to pay for the defense of *Geyer* Action. *See* Dkt. No. 1 ("Compl.").

National Union moves to dismiss the Complaint under Rule 12(b)(6), arguing that USIC has not sufficiently pled the terms of its insurance policies and that California law precludes USIC's claim for equitable subrogation against National Union under the circumstances alleged. *See* Dkt. No. 15 ("Mot."). Alternatively, National Union moves for a more definitive statement under Rule 12(e). *Id*. USIC has opposed both motions. Dkt. No. 18 ("Opp."). The Court has carefully considered the arguments offered by the parties and, for the reasons set forth below, **DENIES** National Union's motion to dismiss and motion for a more definitive statement.

**I.    BACKGROUND**

On December 27, 2012, Gabriela and Travis Geyer, tenants at 305 Hyde Street in San Francisco, filed a lawsuit against Meridian in San Francisco County Superior Court. The *Geyer* Action concerned personal injury and property damage from bedbug infestations at the apartment building located at 305 Hyde Street. The Geyers amended their complaint to include a request for class action certification against Meridian for unlawful business practices and added HAL 305 (the owner of their building) as a defendant. The Geyers then settled their individual claims with defendants; Jessica Narog, another tenant at 305 Hyde Street, was substituted as the plaintiff. Narog filed an amended complaint seeking certification of the same class, as well as damages for the bedbug infestations in the apartment she rented at 305 Hyde Street.

USIC insured Meridian from October 25, 2009 to October 25, 2011. USIC agreed to defend Meridian in the *Geyer* Action subject to a reservation of rights, which included a reservation of the right to deny coverage based on its policies' schedule of apartment buildings, which limited coverage to claims arising out of buildings identified on that schedule. USIC alleges that 305 Hyde Street was not listed as one of the covered buildings. National Union insured Meridian and HAL 305 as insureds under various policies effective from November 2006 through March 2013. Meridian tendered its defense to National Union, but National Union offered to pay only 1/24th of the defense expenses being incurred by USIC.

On March 5, 2013, USIC brought this action for declaratory relief against National Union (which USIC alleges also insures Meridian and HAL 305) and the underlying defendants. USIC's Complaint asks the Court to find that it has no obligation to defend Meridian or HAL 305 in the *Geyer* Action and that National Union or Meridian has an obligation to reimburse USIC for the defense costs it has paid and continues to pay.

**II.    LEGAL STANDARD**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. *See Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 550 (9th Cir. 1989). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. If the Court dismisses the complaint, it will generally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 122, 1127 (9th Cir. 2000) (citation omitted). When a party repeatedly fails to cure deficiencies, however, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III. DISCUSSION

#### A. Sufficiency of USIC's Allegations

National Union moves to dismiss USIC's First, Third, and Fifth Claims for Relief for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Both parties appear to agree that the only possible basis for USIC's position that it never had a duty to defend Meridian at any point during the *Geyer* Action is USIC's contention that its policies are limited to specified buildings contained in a schedule of apartment buildings. Mot. at 7; Compl. ¶10. National Union argues that USIC must therefore attach or quote this essential contractual term in its Complaint in order to move past the pleading stage. Mot. at 7. USIC responds that the precise language of the policies giving rise to alleged contractual obligations need not be

specifically alleged. Opp. at 9.

The Court agrees with USIC. Although relevant terms of a contract must be adequately described in order to meet Rule 8's pleading requirements, there is no requirement that the contract be attached to the complaint or that the complaint quote each relevant provision verbatim. *See, e.g., Garibaldi v. Bank of Am. Corp.*, No. 13-cv-02223-SI, 2014 WL 172284, at *3 (N.D. Cal. Jan. 15, 2014) ("While a plaintiff need not attach a copy of the allegedly breached contract to the complaint, mere legal conclusions that a contract existed and was breached will be insufficient to survive a motion to dismiss."); *Park v. Morgan Stanley & Co.*, No. 11-cv-9466-ODW, 2012 WL 589653, at *3 (C.D. Cal. Feb. 22, 2012) ("Although Plaintiff need not set out the terms of the contract in detail, Plaintiff must identify enough contractual terms with sufficient factual specificity to render his claim more than 'a formalistic recitation of the elements' of a breach of contract claim.") (citation omitted). Claims involving contractual language are generally dismissed for want of detail only where the complaint fails to identify and describe the provisions on which the right to recovery is based. *See Manosca v. Wachovia Mortgage*, No. 11-cv-2183-SI, 2011 WL 2970824, at *7 (N.D. Cal. July 20, 2011) (dismissing breach of contract claim because "the complaint does not specify what terms of the contract were breached by defendants").

Although USIC has not attached its policies or quoted their "scheduled apartment buildings" provisions verbatim, it has both: (1) identified those provisions as the basis for its claim that it is not obligated to defend Meridian; and (2) described the content of the provisions with sufficient detail to explain why they have that effect. In paragraph 10 of the Complaint, USIC alleges:

> The coverage afforded under the USIC Policies is limited to scheduled apartment buildings and units managed by Meridian, for which Meridian requested coverage, and paid the required premiums based upon the number of units, square footage of lease space and acreage to be covered. The apartment building and units located at 305 Hyde Street, San Francisco, California ("Hyde Street Building") is not one of the scheduled apartment buildings for which coverage was sought nor any premiums paid under the USIC Policies. There is no coverage for the Hyde Street Building under the USIC Policies as Meridian did not disclose its activities there to USIC, did not seek or request coverage for that location from USIC and/or did not pay the required premiums to extend the coverage afforded under the USIC Policies to that location.

4

Compl. ¶ 10. This detailed description of the relevant provision and its import is more than sufficient to provide the facial plausibility required by the Supreme Court's decisions in *Iqbal* and *Twombly*. Although the Court does not know why USIC decided against attaching the relevant insurance policies to the Complaint, its choice is not fatal given the description quoted above.

National Union's Motion to Dismiss the First, Third, and Fifth Claims for Relief is **DENIED**.

### B. Equitable Subrogation

National Union moves to dismiss USIC's claim for equitable subrogation on the ground that California does not permit such a claim between two primary insurers. Mot. at 9. Instead, National Union asserts that USIC's recovery from National Union must be limited to equitable contribution or nothing at all. *Id.* at 10. The Court disagrees.

"The doctrine of equitable subrogation includes every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, No. 07-cv-01744-TLN-EF, 2014 WL 4661087, at *17 (E.D. Cal. Sept. 17, 2014) (citing *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1292 (1998)). "[W]here different insurance carriers cover differing risks and liabilities, they may proceed against each other for reimbursement by subrogation rather than by contribution." *Reliance Nat. Indemnity Co. v. General Star Indemn. Co.,* 72 Cal. App. 4th 1063, 1078 (1999).

No California authority appears to preclude a claim for equitable contribution where two primary insurers cover different risks. That is exactly what USIC asserts in this case. USIC alleges that: (1) its policies exclude coverage for the *Geyer Action*; (2) National Union's policies provide coverage for the *Geyer Action*; (3) National Union wrongfully declined to assume the defense of the *Geyer Action* from USIC; and, accordingly, (4) USIC has paid defense costs that should in equity and good conscience have been paid by National Union. Compl. ¶¶ 26-30. These allegations are sufficient to plead a cause of action for equitable subrogation. The cases cited by National Union for the proposition that a primary insurer cannot seek equitable subrogation against another primary insurer all address instances where two primary insurers cover the same

1  loss. *See, e.g., Maryland Cas. Co.*, 65 Cal. App. 4th at 1295-96.  None stand for the overbroad
2  proposition for which they are cited by National Union.
3       Contrary to National Union's assertion, equitable contribution would not be an appropriate
4  remedy on the facts alleged by USIC.  The doctrine of equitable contribution applies where an
5  "insurer seeks to recover part of these costs from a coinsurer that shares the obligation to defend or
6  indemnify the same loss or claim." *Cont'l Cas. Co.*, 2014 WL 4661087 at *16 (citing *Herrick
7  Corp. v. Canadian Ins. Co.* 29 Cal. App. 4th 753, 762 (1994)).  If, as USIC alleges, only National
8  Union is obligated to defend the *Geyer Action*, then USIC and National Union would not qualify
9  as "coinsurer[s] that share[ ] the obligation to defend or indemnify the same loss or claim." *Id*.
10  Equitable contribution would only be an appropriate remedy if both the policies issued by USIC
11  and National Union are determined to cover some or all of the underlying *Geyer* Action.
12       National Union's Motion to Dismiss the Second Claim for Relief is **DENIED**.

### C.  More Definitive Statement

14       Finally, National Union moves for a more definitive statement pursuant to Federal Rule
15  of Civil Procedure 12(e).  Under that rule, "[a] party may move for a more definite statement of a
16  pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the
17  party cannot reasonably prepare a response."  Rule 12(e) motions are granted only on "rare
18  occasions."  *See Bautista v. Los Angeles Cnty.,* 216 F.3d 837, 843 n.1 (9th Cir. 2000); *see also*
19  *E.E.O.C. v. Alia Corp.,* 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (holding motions pursuant to
20  Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]").
21       The Court finds that USIC's complaint is sufficiently clear to permit National Union to
22  prepare a response.  This is not one of the "rare occasions" where, while the complaint barely
23  meets the requirements of Rule 12(b)(6), the defendant cannot make heads or tails of the
24  allegations.  Instead, National Union merely observes that USIC's requested relief is not
25  completely consistent.  For example, USIC's First Claim for Relief seeks a declaration that it is
26  not obligated to provide a defense for the claims brought by Narog, but does not seek a declaration
27  that it has no duty to defend the claims brought by the Geyers.  Compl. ¶¶ 31-41; *see also* Opp. at
28  4 ("USIC's First Claim . . . seeks a judicial determination that it owes no duty to defend . . . in the

*Narog phase of the Underlying Action*") (emphasis in original). This seems somewhat inconsistent with its Second Claim for Relief, which requests a declaration that National Union is obligated to reimburse USIC for all defense expenses connected to the entire *Geyer* Action, both in the Geyer and Narog phases. *Id*. ¶¶ 42-46. Of course, that outcome would only be available if USIC had no duty to defend the claims brought by both the Geyers and Narog.

While not a perfect model of clarity, USIC's Complaint is clear enough to convey its requested relief and the bases for that relief. USIC will have to live with the claims as it has pled them. National Union's Motion for a more definitive statement is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, National Union's Motion to Dismiss and Motion for a More Definitive Statement are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 7, 2015

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge