UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN MANAGEMENT GROUP, INC., et al.,<br><br>Defendants. | Case No. 15-cv-01039-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 65 |

This is an insurance coverage action arising from a bedbug infestation at a residential building managed by Meridian Management Group, Inc. ("Meridian"). The residents of the building filed a lawsuit in state court on December 27, 2012, alleging several state law claims and seeking damages for bodily injury and property damage. Dkt. No. 65-1, Ex. A. Meridian insured its property management activities through a commercial general liability policy with United Specialty Insurance Company ("USIC"). USIC agreed to defend Meridian in the state court action under a disputed reservation of rights.

On March 5, 2015, USIC filed a complaint in federal court, seeking a declaratory judgment that it does not owe a duty to defend or indemnify, as well as reimbursement of defense expenses. Dkt No. 1 ("Coverage Action"). Currently pending before the Court is Meridian's motion to stay the Coverage Action during the pendency of the state court case. Dkt. No. 65. Having reviewed the parties' arguments, and for the reasons set forth below, the Court GRANTS the motion to stay.

I.   **LEGAL STANDARD**

The parties dispute the legal standard the Court should use in evaluating the merits of Meridian's motion. The Court considers and rejects Meridian's contention that *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), sets the appropriate standard. *Brillhart* recognized "the unique and substantial discretion" afforded to district courts under the Declaratory Judgment Act,

1  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), and identified factors for consideration when
2  deciding whether to hear a declaratory judgment action when there is a related case pending in
3  state court, *see R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011); *Scotts Co.*
4  *LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012). The *Brillhart* analysis, however, is
5  limited to actions that seek only declaratory relief. *Scotts*, 688 F.3d at 1158. Where additional
6  claims "exist independent of the request for a declaration," the discretionary jurisdictional rule
7  under *Brillhart* does not apply. *Id.*

8  Here, the Coverage Action also includes a request for reimbursement. Because the
9  reimbursement claim would be viable without the declaratory relief claim, the reimbursement
10 claim is "independent," and thus invokes this Court's mandatory jurisdiction. *See United Nat. Ins.*
11 *Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001) (holding that insurer's "request for
12 reimbursement is independent of the request for declaratory relief"). Accordingly, *Brillhart* does
13 not apply.

14 That the reimbursement claim invokes the Court's mandatory jurisdiction, however, does
15 not negate the Court's power to stay this action under *Landis v. N. Am. Co.*, 299 U.S. 248, 254
16 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to
17 control the disposition of the causes on its docket with economy of time and effort for itself, for
18 counsel, and for litigants."). *Landis* sets out competing interests courts must weigh in deciding
19 whether to grant a stay: (1) "possible damage which may result from granting a stay, (2) the
20 hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly
21 course of justice measured in terms of the simplifying or complicating of issues, proof, and
22 questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d
23 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Lockyer v. Mirant Corp.*,
24 398 F.3d 1098, 1112 (9th Cir. 2005) (holding that the balance of hardships between the parties, or
25 the prospect of narrowing the factual and legal issues in the other proceeding may justify a stay).
26 A stay may be the most efficient and fairest course when there are "independent proceedings
27 which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.
28 1979). A district court's decision to grant or deny a *Landis* stay is a matter of discretion.

2

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## II. DISCUSSION

Having balanced the competing interests in this case, the Court finds that a stay is warranted. Under the first *Landis* factor, USIC argues a possibility of damage, and contends that it would be "unjust" to require it "to pay defense costs throughout the underlying case even where it might be clear coverage did not exist." Dkt. No. 70 at 14. The Ninth Circuit has found similar arguments unpersuasive reasons to deny a stay. *See CMAX, Inc.*, 300 F.2d at 269 (holding that where the party opposing the stay seeks money damages, a delay in recovery of damages "is not the kind of prejudice which should move a court to deny a requested postponement"). USIC is currently defending Meridian under a reservation of rights, and if a stay is imposed, USIC presumably will continue defending Meridian under that reservation of rights. If the Coverage Action ultimately is determined in USIC's favor, USIC will be able to recover the costs and fees of defending Meridian after the underlying action is resolved.

Under the second *Landis* factor, Meridian contends that "a stay should be granted due to the prejudice to Meridian of fighting a two-front war with its defending carrier." Dkt. No. 65 at 16. The Ninth Circuit has rejected this argument as well: "defending a suit without more does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

Under the third *Landis* factor, the Court concludes that the orderly administration of justice warrants a stay. Although USIC argues there is no overlap between the factual and legal issues in the underlying proceeding and the Coverage Action, exact factual and legal similarity is not required. *See Leyva*, 593 F.2d at 863-64 (holding the court's ability to enter a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). Meridian has identified several policy coverage disagreements, including the applicability of coverage limitations, which rely on disputed underlying facts. For example, infested properties must be identified, and a determination must be made as to whether those properties are covered under the policy. It seems inevitable that both the underlying action and the Coverage Action will require overlapping fact discovery and the examination and interpretation of policy provisions

under state contract law and insurance law. Should the cases proceed simultaneously, there is a risk of inconsistent results on these disputed questions. *See Leyva*, 593 F.2d at 863 ("A trial court may. . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Although "a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time," *Dependable Highway*, 498 F.3d at 1066, the Court finds that the overlapping factual and legal issues, coupled with the risk of inconsistent results, create a "pressing need" necessitating a stay, *see Landis*, 299 U.S. at 255.

Additionally, the Court is further persuaded that judicial economy favors a stay, given that determination of motions in the underlying action could result in a global settlement of the entire case. *See* Dkt. No. 72 at 1 (stating a "likelihood that if, as predicted, the class claims are not certified, the cost of litigating this case will quickly eclipse the value of the underlying case").

### III.  CONCLUSION

The Court GRANTS the motion to stay, and vacates the pretrial conference and trial dates scheduled for May 31, 2016 and June 13, 2016, respectively.[1] The Court directs the parties to file a joint status report a year from the date of this order, briefing the Court on whether a continued stay is warranted.

**IT IS SO ORDERED.**

Dated: 4/15/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court DENIES without prejudice Meridian's request to strike the Keaster Declaration, attached Exhibit A (a copy of the initial reservation of rights letter issued by USIC in connection with the underlying action), and attached Exhibit B (a copy of the most recent reservation of rights letter). *See* Dkt. No. 70. Plaintiff contends that USIC's filing of such documents violates the Northern District's Local Rules 7-5 and 1-4, as well as Federal Rule of Civil Procedure 56(e). *See* Dkt. No. 72. at 9. Although there may be viable bases for striking the declaration and attached exhibits, these cited provisions do not provide them. The Court grants Meridian leave to file a motion to strike based on disclosure of privileged communications. Meridian should file such motion by April 22, 2016, and the motion should identify the specific bases for the privilege argument and supporting authority.